# UNITED STATES DISTRICT COURT
for the
Middle District of Tennessee

| | |
|---|---|
| United States of America<br>v.<br><br>DEJAUN BELL<br>*Defendant(s)* | )<br>)<br>)   Case No. 25-mj-2143<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **March 18, 2025** in the county of **Davidson** in the **Middle** District of **Tennessee**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Section 922(g)(1) | Felon in Possession of a Firearm |
| 21 U.S.C. Section 841(a)(1) | Possession with Intent to Distribute Controlled Substances |
| 18 U.S.C. Section 924(c) | Possession of a Firearm in Furtherance of Drug Trafficking |

This criminal complaint is based on these facts:

See Attached Statement

☑ Continued on the attached sheet.

/s/ Alexandria S. Belmont
*Complainant's signature*

Alexandria S. Belmont, ATF SA
*Printed name and title*

Sworn to me remotely by telephone, in compliance with Fed. R. Crim. P. 4.1.

Date: April 14, 2025

*Judge's signature*

City and state: Nashville, Tennessee

United States Magistrate Judge Jeffery S. Frensley
*Printed name and title*

# STATEMENT IN SUPPORT OF CRIMINAL COMPLAINT

I, Alexandria S. Belmont, being first duly sworn on oath, state as follows:

1. I am a Special Agent (SA) of the United States Department of the Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). I have been employed in this capacity with the ATF since February 2024. I received training at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia graduating from the Criminal Investigator Training Program and the ATF National Academy. Prior to working for the ATF, I was employed by the United States Secret Service (USSS) as a Uniformed Division Officer. I received training at FLETC in Artesia, New Mexico and graduated from the Uniformed Police Training Program. Shortly after, I graduated from the USSS training academy in Laurel, Maryland. I was attached to the White House Branch before joining the Special Operations Division as a member of the Specialized Rifle Unit. My current duties include investigating federal criminal offenses in the Middle District of Tennessee.

2. This affidavit is submitted in support of a Criminal Complaint for the arrest of Dejuan BELL for the following offenses: possession of a firearm by a convicted felon, in violation of Title 18, United States Code, Sections 922(g)(1); possession with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); and possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c).

3. The facts contained in this statement are based on knowledge or information learned during this investigation from other law enforcement sources and law enforcement reports related to the investigation. This statement does not provide each and every detail known by me regarding this investigation, but rather provides information necessary to establish probable cause for the arrest of Dejuan BELL for the offenses outlined in the preceding paragraph. Except where

1

indicated, all statements referred to below are set forth in substance and in part, rather than verbatim.

4. On March 18, 2025, at approximately 2:30 p.m., Metropolitan Nashville Police Department (MNPD) detectives were monitoring Metropolitan Development and Housing Agency (MDHA) cameras and observed Dejuan BELL arrive at the James Cayce Homes. Detectives were familiar with BELL because of his involvement in a 2018 homicide in Nashville, and they recognized him when he arrived. BELL exited the driver's seat of a Nissan Altima and approached individuals who were gathered on a porch. MNPD Detectives discovered that BELL was on the MDHA "No Trespassing" list and that he had a suspended driver's license.

5. On MDHA camera footage, MNPD Detectives observed BELL approach the driver's side door of a black truck that was stopped on South Sixth Street. Suspected pills and a plastic bag were exchanged between BELL and the driver. BELL placed the suspected pills and plastic bag in his pant pockets and walked back to the James Cayce Homes porches. BELL went back to the Nissan Altima several times. Detectives went to make contact with BELL based on the suspected hand to hand drug transaction, BELL's known suspended driver's license, and BELL being on the MDHA "no trespassing" list, but he fled on foot. While fleeing from detectives, BELL discarded a firearm from his waistband. The firearm, a Glock 23 Gen5, .40 caliber pistol, was recovered. A search of the firearm's history revealed that it had been reported stolen. Detectives were able to apprehend BELL. During a search incident to arrest, detectives discovered $2,180 cash and 4.2 grams of suspected oxycodone pills in a plastic bag in BELL's pants pockets.

6. The Nissan Altima BELL had exited smelled of marijuana. Detectives conducted a probable cause search of the vehicle and discovered individual plastic bags of a green leafy substance suspected to be marijuana, a plastic bag containing 4.5 grams of a white/grey powdery

substance that field-tested positive for cocaine, and a digital scale. The items were discovered in the top and bottom center console area.

7. A detective read BELL his *Miranda* rights following BELL's arrest. Detectives asked BELL if he understood his *Miranda* rights. BELL stated he understood, and he agreed to answer questions. During the interview, BELL said admitted he had a manslaughter conviction for which he was on probation. When detectives asked if BELL recently started selling drugs, BELL nodded his head yes. BELL told detectives he had marijuana and cocaine. BELL stated he smoked marijuana every day and was using Percocet pills because he was in pain. BELL admitted to purchasing the firearm in the Cayce area approximately two weeks before the incident. BELL admitted to running because he had the firearm on him. BELL stated he purchased marijuana and firearms from individuals at James Cayce Homes, and that he purchased Percocet from the individual in the black pick-up truck.

8. Based on my training and experience, I know drug dealers routinely carry and use firearms to protect themselves and their product while engaged in drug trafficking. Given that BELL admitted to selling drugs, that the firearm was located on his person, along with $2,180 cash, and given that BELL was in possession of multiple different types of controlled substances and that drug trafficking paraphernalia was recovered from inside the vehicle he had been driving, I submit BELL possessed the firearm in furtherance of his drug trafficking crimes.

9. A check through law enforcement databases reveals that BELL has three prior felony convictions in Tennessee. Specifically, BELL was convicted of the following offenses in Davidson County, Tennessee, Criminal Court: Reckless Aggravated Assault, case number 2017-D-2220, for which he received a two-year sentence; Voluntary Manslaughter, case number 2019-D-3088, for which he received a six-year sentence; and Evading Arrest by Motor Vehicle, case

3

number 2024-I-298, for which he received a one-year sentence. Based on this history and the fact that his convictions were entered by way of guilty plea, I submit probable cause exists that BELL knew he was a convicted felon on March 18, 2025.

9. An ATF Firearms Interstate Nexus Expert examined the Glock 23 Gen5, .40 caliber pistol and determined it is a firearm as defined by Title 18, United States Code, Section 921(a)(3), and that the firearm was not manufactured in the state of Tennessee; and, therefore it traveled in and affected interstate or foreign commerce in order to be present in Tennessee on March 18, 2025.

10. All the described events occurred in Nashville, Davidson County, located in the Middle District of Tennessee.

11. Based on the foregoing facts, I submit there is probable cause to believe that Dejuan BELL has committed the offenses of possession of a firearm by a convicted felon, in violation of Title 18, United States Code, Sections 922(g)(1); possession with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); and possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c), and I request a warrant be issued for his arrest.